U.S. DIST. COURT EAST DIST. WISC.
FILED
AUG -4 2005
____O'CLOCK____ M
SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

In re the Application of:

**MARCOS NIETO VAZQUEZ**
    Petitioner,

v.                       Case No. 05-C-0400

**BLANCA ROMO JUAREZ**
    Respondent.

## ORDER

On April 6, 2005, petitioner Marcos Nieto Vazquez, a Mexican citizen, filed this petition for the return of his child, Marcos Nieto Romo, pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, October 25, 1980, T.I.A.S. No. 11670, 19 I.L.M. 1501 ("Hague Convention"), and the federal statute implementing the Convention, the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601 – 11611 ("ICARA"). Petitioner alleges that respondent Blanca Romo Juarez, the child's mother, wrongfully removed the child from Mexico to this jurisdiction within the meaning of Article 3 of the Convention. Respondent was personally served with the summons and petition in this action but has not appeared. The Clerk has entered her default, and petitioner has filed a motion for default judgment along with a petition for a "warrant in lieu of writ of habeas corpus," seeking to have the child brought into the custody of this court.

Under ICARA, a court may take measures under Federal or State law "to protect the well being of the child involved or to protect the child's further removal or concealment before the final disposition of [a petition filed pursuant to the Hague Convention and

AO 72A
(Rev.8/82)

Case 2:05-cv-00400-LA   Filed 08/04/05   Page 1 of 4   Document 34

ICARA]." 42 U.S.C. § 11604(a). However, a court can order a child removed from a person having physical control of the child only if "the applicable requirements of State law are satisfied." Id. § 11604(b). Under Wisconsin law, a child may be taken into custody when there is probable cause to believe that the child is within the jurisdiction of the court and probable cause "to believe that the child will run away or be taken away so as to be unavailable for proceedings of the court or its officers." Wis. Stat. § 48.205(1)(c).

In the present case, there is probable cause to believe that the child is within the jurisdiction of this court. Respondent was personally served with process in this case at a residence in Milwaukee, Wisconsin on May 25, 2005, and the child is presumably in respondent's custody. Further, there is probable cause to believe that unless I bring the child into custody immediately, respondent will take the child outside of the court's jurisdiction or attempt to conceal the child's location. According to the affidavits and Mexican court documents filed in this case, respondent has wrongfully removed the child from Mexico in breach of petitioner's custody rights under Mexican law. Since fleeing to the United States, respondent has moved the child to at least three different addresses without notifying petitioner, including one address in Indiana. Finally, although respondent was personally served with process as well as all other papers filed in this case, she has not appeared or otherwise indicated that she will voluntarily comply with a court order. Therefore, to prevent respondent from removing or concealing the child before a hearing can be held, I will order the United States Marshal to take the child into custody. This order is issued pursuant to 42 U.S.C. § 11604 and Wis. Stat. § 48.19(1)(c). The child shall be held pursuant to Wis. Stat. § 48.207(1).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

2

1. The United States Marshal shall immediately take the child, Marcos Nieto Romo (date of birth July 23, 2000), into custody. The child shall be held at the La Causa Crisis Center at 522 West Walker Street, Milwaukee, Wisconsin, pending a hearing in this case, which shall be held as soon as possible after the child is in custody. While the child is at La Causa Crisis Center, respondent shall be permitted supervised visitation with him on site between the hours of 10:00 a.m. and 8:00 p.m. Respondent is ordered to cooperate with the staff at the La Causa Crisis Center in completing any paperwork necessary for the care of the child.

2. Upon taking the child into custody, the United States Marshal shall immediately notify the court so that the child can be brought before the court as soon as possible. The United States Marshal shall also immediately notify the petitioner through his counsel that the child is in custody.

3. Upon taking the child into custody, the United States Marshal shall serve two copies of this order on respondent, one copy in English and one in Spanish.

4. Respondent is ordered to provide the court with an address and telephone number at which she can be reached so that the court can notify her of the date and time of any hearing. Respondent may contact the court by telephone at 414-297-1285, and by mail at 517 East Wisconsin Avenue, Room 362, Milwaukee, Wisconsin 53202. Respondent is advised that she may retain an attorney to represent her in this matter.

5. Petitioner is ordered to make arrangements to be in Milwaukee as soon as possible after the child is taken into custody so that the child can be released into petitioner's custody if the court finds that doing so is appropriate.

AO 72A
(Rev.8/82)

6. The court hereby appoints Attorney Jennifer A. Ortiz as guardian ad litem for the child.

7. The United States Marshal is authorized to take all necessary steps, including forcible entry of any location where the child may be found, in order to execute this order. Further, the Untied States Marshal is authorized to arrest any person or persons impeding or attempting to impede the execution of this order.

8. This order replaces my order dated August 3, 2005 (docket # 32), and therefore the latter order is **HEREBY VACATED**.

**SO ORDERED** at Milwaukee, Wisconsin, this __4__ day of August, 2005.

LYNN ADELMAN
District Judge

4

AO 72A
(Rev.8/82)