U.S. DIST. COURT EAST DIST. WISC.
FILED
AUG - 4 2005
AT_____ O'CLOCK_____ M
SOFRON B. NEDILSKY

TRIBUNAL FEDERAL DE PRIMERA INSTANCIA
DISTRITO ESTE DE WISCONSIN

En respuesta a la solicitud de:

**MARCOS NIETO VAZQUEZ**
**Demandante,**

contra                                             Número de Caso: 05-C-0400

**BLANCA ROMO JUÁREZ**
**Demandada**

### ORDEN

El 6 de abril de 2005, el demandante Marcos Nieto Vazquez, ciudadano mexicano presentó esta solicitud para la devolución de su hijo Marcos Nieto Romo, de conformidad con el Convenio de la Haya sobre los Aspectos Civiles de la Sustracción Internacional de Menores, octubre 25 1980, T.I.A.S[1] No. 11670, 19 I.L.M[2] 1501 ("Convenio de la Haya"), las leyes federales que implementan el Convenio, y la Ley de Remedio para la Sustracción Internacional de Menores, Título 42 del Código Federal de los Estados Unidos, §§ 11601 – 11611 ("ICARA"[3]). El demandante alega que la demandada Blanca Romo Juárez, madre del niño, lo sacó de manera ilícita de México y lo trajo a esta jurisdicción, según los términos del artículo 3 del Convenio. A la demandada se le entregaron personalmente la citación y la solicitud relativas a esta causa, pero no ha comparecido. El secretario de actas la ha declarado en rebeldía y el demandante ha presentado un pedimento para que se dicte fallo por rebeldía junto con una solicitud para que se emita una "orden judicial en lugar de un auto de hábeas corpus", mediante la cual se pondrá al menor bajo la custodia de este tribunal.

---

[1] Siglas en inglés: Conjunto de Tratados y Otras Leyes Internacionales.

[2] Siglas en inglés: Materiales sobre las Leyes Internacionales.

[3] Siglas en inglés: Ley de Remedio para la Sustracción Internacional de Menores

De acuerdo con "ICARA", la ley federal y estatal establece que un tribunal puede tomar medidas para "proteger el bienestar del niño en cuestión o evitar que el menor sea sustraído o escondido antes de que se dicte una disposición final sobre [una solicitud presentada conforme al Convenio de la Haya e ICARA]", Título 42 del Código Federal de los Estados Unidos, §11604(a).

Sin embargo, un tribunal tiene la facultad de ordenar que se le sustraiga un menor a la persona que tiene el control físico del mismo solo si "los requisitos de ley estatal pertinentes se cumplen". Id. § 11604(b). Bajo las leyes del estado de Wisconsin, se puede tomar a un menor bajo custodia si existe motivo fundado para "creer que el menor se encuentra dentro de la jurisdicción del tribunal" y si existe motivo fundado para "creer que el menor se fugará o será llevado lejos para no estar disponible ni para los procesos judiciales ni para los funcionarios del tribunal", estatutos de Wisconsin § 48.205(1)(c).

En este caso existe motivo fundado para creer que el menor está dentro de la jurisdicción de este tribunal. A la demandada se le notificó debidamente en persona acerca de esta causa en una residencia en Milwaukee, Wisconsin el 25 de mayo de 2005 y el menor presumiblemente está bajo la custodia de la demandada. Además, existe motivo fundado para creer que a menos que yo tome custodia inmediata del menor, la demandada se lo llevará fuera de la jurisdicción de este tribunal o tratará de ocultar el paradero del mismo. De acuerdo con las declaraciones juradas y los documentos judiciales mexicanos presentados en esta causa, la demandada sacó ilícitamente al menor de México quebrantando los derechos de custodia del demandante conforme a la ley mexicana. Desde su huida a los Estados Unidos, la

2

demandada ha tenido al menor en por lo menos tres direcciones diferentes, incluyendo una en Indiana sin haberle dado aviso al demandante. Por último, a pesar de haber sido debidamente notificada en persona tal como se hizo con todos los otros documentos presentados en esta causa, la demandada no ha comparecido y tampoco ha indicado que cumplirá voluntariamente con esta orden judicial. Por lo tanto, para evitar que la demandada se lleve o esconda al niño antes de que se celebre una audiencia, ordeno que los Alguaciles Federales de los Estados Unidos tomen custodia del menor. Esta orden se emite de conformidad con el Título 42 del Código Federal de los Estados Unidos, §§ 11604 y los estatutos de Wisconsin § 48.19(1)(c). El menor será retenido de acuerdo al estatuto de Wisconsin § 48.207(1).

**POR LO TANTO, SE ORDENA POR MEDIO DE LA PRESENTE** que:

1. Que el Alguacil Federal de los Estados Unidos inmediatamente tome custodia del niño, Marcos Nieto Romo (fecha de nacimiento julio 23 de 2000). El niño será colocado en el Centro de Crisis de La Causa (La Causa Crisis Center) ubicado en la 522 West Walker Street, Miwaukee, Wisconsin, mientras se tramita una audiencia por esta causa que será celebrada lo más pronto posible después que el menor sea tomado en custodia. Mientras el menor está en el Centro de Crisis de La Causa, a la demandada se le permitirá visitas bajo supervisión en ese mismo lugar entre las 10:00 a.m. y las 8:00 p.m. Se le ordena a la demandada cooperar con el personal del Centro de Crisis de La Causa para completar los documentos que sean necesarios para el cuidado del niño.

2. El Alguacil Federal de los Estados Unidos deberá notificarle inmediatamente a este tribunal cuando haya tomado custodia del menor para que el niño pueda

ser traído al tribunal lo mas pronto posible. El Alguacil Federal de los Estados Unidos deberá también notificarle inmediatamente al demandante que el niño está en custodia a través de su abogado.

3. Una vez que se haya tomado custodia del menor, el Alguacil Federal de los Estados Unidos deberá entregarle a la demandada dos copias de esta orden, una en inglés y otra en español.

4. Se le ordena a la demandada proporcionarle al tribunal una dirección y número de teléfono donde pueda ser ubicada para darle aviso de la fecha y la hora de la audiencia. La demandada puede comunicarse con el tribunal por teléfono llamando al 414-297-1285 y por correo en la 517 East Wisconsin Avenue, Sala 362, Milwaukee, Wisconsin 53202. Se le informa a la demandada que puede contratar a un abogado para que la represente en este caso.

5. Después de que el niño sea tomado en custodia, se le ordena al demandante que haga las gestiones necesarias para presentarse en Milwaukee lo más pronto posible. De esta manera, el menor será colocado bajo la custodia del demandante, si el tribunal lo considera apropiado.

6. El tribunal por medio de la presente nombra a la abogada Jennifer A. Ortiz como tutora ad litem del niño.

7. El Alguacil Federal de los Estados Unidos está autorizado a tomar los pasos necesarios para ejecutar esta orden; incluyendo entrar a la fuerza a cualquier lugar donde se encuentre el niño. Además, el Alguacil Federal de los Estados Unidos está autorizado a arrestar a cualquier persona o personas que impidan o traten de impedir la ejecución de esta orden.

AO 72A
(Rev.8/82)

8. Esta orden reemplaza a mi orden con fecha 3 de agosto de 2005 (registro número 32) y por lo tanto, **POR MEDIO DE LA PRESENTE SE ANULA** la orden anterior.

**SE ORDENA ASÍ** en Milwaukee, Wisconsin, el dia __4__ de agosto de 2005.

LYNN ADELMAN
Juez de Distrito

## JUDGE ADELMAN'S CALENDAR
### August 1-5, 2005

### Monday, August 1, 2005

### Tuesday, August 2, 2005
| | | | |
|---|---|---|---|
| 10:30 a.m. | Status Conf. | 04C1176 | Renken v. Gregory (tel.) |

### Wednesday, August 3, 2005
| | | | |
|---|---|---|---|
| 11:30 a.m. | Sentencing | 03CR194 | US v. Ronald Smith |
| 1:30 p.m. | Sentencing | 03CR194 | US v. Eric Knox |

### Thursday, August 4, 2005
| | | | |
|---|---|---|---|
| 10:30 a.m. | Status Conf. | 05CR103 | US v. Sanchez Wilson |
| 11:00 a.m. | Sentencing | 04CR253 | US v. Samuel Alexander |
| 1:30 p.m. | Sentencing | 04CR52 | US v. Ernesto Garcia-Sicairos |

### Friday, August 5, 2005
| | | | |
|---|---|---|---|
| 10:30 a.m. | Status Conf. | 04CR282 | US v. Montrel Calhoun |
| 11:30 a.m. | Status Conf. | 02CR87 | US v. Joseph Konopka |
| 2:30 p.m. | Final Pretrial | 05CR42 | US v. Rafael Mercado |